LOTTINGER, Judge.
This is a suit wherein the plaintiff seeks to recover the sum of $709.00 for plumbing services and materials furnished defendants during the months of April through October, 1960. The defense is that plaintiff had contracted with defendants to do the labor and furnish the material for a certain sum which had been paid; further, a reconven-tional demand was made for faulty workmanship and failure to install certain items. The Lower Court rendered judgment in favor of the plaintiff and against the defendant husband in the amount of $664.00 and the defendants have appealed.
The Trial Judge rendered written reasons for judgment wherein he concluded as follows :
“The plaintiff did meet his burden of proof and by a preponderance of the evidence that he was employed as a plumber to do certain plumbing work and furnish material therefor, that he performed what work he could, furnishing necessary material therefor and made charges for the plumbing job as a plumber and for materials actually furnished. The defendant sets up a contract but has failed to meet the burden of proving that any such contract was entered into or even intended. The comode was never delivered nor was it installed.
“We are satisfied that some temporary work was done by the plaintiff for the convenience of the defendants intended to be temporary and understood by all parties to be temporary, that any leakage or other damage caused was a .result of the negligence of the defendant himself in continuing to use it beyond the temporary period intended in the first place.
“From the transcript of the testimony and the evidence adduced, the Court is convinced that the plaintiff is entitled to the $709.00 claimed, less a credit of $45.00 for the comode, leaving a balance of $664.00.
“A judgment in favor of the plaintiff and against the defendant, Herman B. Garrett, in the sum of $664.00 with legal interest thereon from date of judicial demand until paid and for all costs of this suit, recognizing the plaintiff’s labor and material lien against the property standing in the name of Mrs. Beatrice Mizell Garrett, will be signed when prepared and presented. There will be no personal judgment against Mrs. Garret as this is apparently a community debt.”
*328 The question presented is purely factual. It was resolved by the Lower Court in favor of the plaintiff and we find nothing in the record indicating manifest error. The judgment appealed from will, therefore, be affirmed.
Judgment affirmed.